IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VICTOR TERRELL WILLIAMS, et al., | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| Plaintiffs, | |
| v. | CIVIL ACTION FILE NO. 1:17-CV-0690-TWT-JKL |
| NEIL WARREN, Cobb County Sheriff, | |
| Defendants. | |

## <u>ORDER AND REPORT AND RECOMMENDATION</u>

This matter is before the Court on Plaintiffs' 42 U.S.C. § 1983 civil rights complaint, Plaintiff Williams's application to proceed *in forma pauperis*, and a motion for appointment of counsel.  [Docs. 1-3.]

Plaintiff Williams is an inmate confined at Cobb County Detention Center in Marietta, Georgia, and he has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in which he presumably seeks to proceed as a joint plaintiff with 23 other inmates in a single action.  [*Id*.]  Plaintiff Williams has included an attachment bearing the signatures of his fellow inmates, attesting that they "have first hand knowledge" of the facts underlying the complaint.  [Doc. 1 at 12.]  He has styled the case as "Victor Terrell Williams, et al. v. Cobb County Sheriff, Neil Warren, et al."  [*Id*. at 1.]  He also refers to this case as a "class action" and seeks relief for

himself as well as the 23 other inmates who have signed the attachment.  [*Id.* at 4.]
The Clerk has docketed the case with all 24 inmates listed as Plaintiffs to this
action.  Other than Plaintiff Williams, the other inmates have not paid a filing fee,
nor have they moved to proceed *in forma pauperis*.

"[I]nmates may not join together in a single civil rights suit as to share the
mandatory filing fee." *Marshall v. Lopez*, 2010 WL 3118301, at *1 (S.D. Fla. June
14, 2010) (citing *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001)).
Accordingly, to proceed in federal court, plaintiffs must file their own, individual
complaints and either pay the full filing fee or submit an individual motion to
proceed *in forma pauperis*.  Accordingly, the undersigned **RECOMMENDS** that
all Plaintiffs but Plaintiff Williams be **DISMISSED** from this action.

If Plaintiffs elect to file their own individual actions, they are cautioned that,
even if they are allowed to proceed *in forma pauperis* under 28 U.S.C.
§ 1915(b)(1), they must nevertheless each pay the full amount of the $350.00 filing
fee from their inmate accounts.  If Plaintiffs have sufficient assets in their accounts,
the Court must assess an initial partial filing fee based on those assets.  In addition,
by order of the Court, Plaintiffs' custodian will deduct further amounts from their
accounts in monthly or other incremental installments in the amount of 20% of the
preceding month's income credited to the account, in each month in which the

account balance exceeds $10.00, until the $350.00 fee is paid in full.  Plaintiffs will be required to pay the fee regardless of whether they are successful with their suits.

To the extent that Plaintiff Williams intends to pursue his claim as a class action, he is **ADVISED** that this Court cannot "permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).  Therefore, unless a plaintiff is represented by counsel, he cannot pursue his claims as a class action suit.

While Plaintiff Williams has moved for the appointment of counsel, prisoners pursuing civil rights actions have no absolute constitutional right to the appointment of counsel.  *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).  Appointment of counsel in civil cases is "a privilege justified only by exceptional circumstances such as the presence of facts and legal issues . . . so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (*citing  Poole*, 819 F.2d at 1028) (internal quotation marks omitted).  Because the undersigned finds that appointment of counsel is not appropriate at this time, Plaintiff's motion is **DENIED**.

In an Affidavit and Authorization for Withdrawal from Inmate Account, construed as a motion to proceed *in forma pauperis*, Plaintiff seeks to proceed in

3

this case without prepayment of the $350.00 fee.  [Doc. 2.]  According to the jail official's certification, Plaintiff's inmate account has a $32.89 current balance and had a $168.75 average month balance and $125.97 average monthly deposit for the preceding three months.  [*Id.*]

Pursuant to 28 U.S.C. § 1915(b)(1), the Court is required to assess an initial partial filing fee of twenty percent of the greater of either Plaintiff's average monthly deposit or his average monthly balance for the relevant time period. Plaintiff has sufficient funds to pay an initial partial filing fee of $25.00, which is approximately twenty percent of his average monthly deposit.  Accordingly, Plaintiff Williams's motion to proceed *in forma pauperis* [Doc. 2] is **GRANTED** and Plaintiff is **ORDERED** to pay the initial partial filing fee of $25.00 within thirty days from the entry date of this Order.[1]

---

[1] Plaintiff is **ADVISED** that failure to pay the initial partial filing fee as ordered or to otherwise respond to this Order may result in the dismissal of his action. Plaintiff shall also be obligated, pursuant to the provisions of 28 U.S.C. § 1915(b)(2), to pay the full statutory filing fee of $350.00 as funds are deposited in his inmate account.  Specifically, the balance of said filing fee shall be paid by, or on behalf of Plaintiff, in monthly or other incremental payments in the amount of twenty percent of the preceding month's income credited to Plaintiff's inmate account, in each month in which his account balance exceeds $10.00.  Pursuant to 28 U.S.C. § 1915(b)(2), the institution administering Plaintiff's inmate account shall withdraw such amounts from the account and remit the same to the Clerk, United States District Court for the Northern District of Georgia, until the filing fee is paid in full, as verified by separate notice from the Clerk to the warden of the institution.

Lastly, Plaintiff Williams is **ORDERED** to submit an amended complaint within thirty (30) days of the entry date of this Order.  Plaintiff is advised that the amended complaint shall supersede and replace his previous pleadings filed in this action.   Plaintiff is **DIRECTED** to (1) draft his amended complaint on the complaint form provided by the Court's Clerk; (2) clearly caption the amended complaint as an amendment to 1:17-CV-0690-TWT-JKL; (3) provide the name of each intended Defendant; (4) write clearly and on only one side of each page; (5) present each claim separately, with each claim limited to a single set of circumstances or events; (6) in each claim, provide only factual allegations concerning events in which Plaintiff himself suffered some injury or deprivation, provide the date of the alleged injury or deprivation that is alleged in that claim, and omit all legal argument or conclusion; and (7) specify the relief Plaintiff seeks from this Court.

Based on the foregoing, the undersigned **RECOMMENDS** that all Plaintiffs but Plaintiff Williams be **DISMISSED** from the instant action.  These Plaintiffs may re-file individual actions if they so choose.

**IT IS FURTHER ORDERED** that:

1.     Plaintiff's motion for appointment of counsel is **DENIED**.  [Doc. 3.]

5

2.     Plaintiff Williams's motion to proceed *in forma pauperis* is **GRANTED**.  [Doc. 2.]

3.     The Clerk of Court shall transmit a copy of this Order to the warden of the institution where Plaintiff is incarcerated; and

4.     The warden of the institution, or his designee, shall collect the aforesaid monthly payments from Plaintiff's inmate account and remit such payments to the Clerk of the United States District Court for the Northern District of Georgia until the $350.00 filing fee is paid in full.

5.     Plaintiff shall submit an amended complaint within thirty (30) days of the entry date of this Order.

The Clerk is **DIRECTED** forward Plaintiff the proper civil-action form.

The Clerk is **DIRECTED** to **RESUBMIT** this action to the undersigned Magistrate Judge upon the expiration of the aforementioned thirty-day time period.

**IT IS SO ORDERED AND RECOMMENDED** this 28th day of February, 2017.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE