IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VICTOR TERRELL WILLIAMS, et al., | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| Plaintiffs, | |
| v. | CIVIL ACTION FILE NO. 1:17-CV-0690-TWT-JKL |
| NEIL WARREN, Cobb County Sheriff, | |
| Defendant. | |

## FINAL REPORT AND RECOMMENDATION

Plaintiff is a pretrial detainee confined at the Cobb County Jail in Marietta, Georgia. He has filed a civil rights complaints pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis*. He filed an amended complaint on March 15, 2017. [Doc. 6.] This matter is now before the Court for an initial screening under 28 U.S.C. § 1915A.

### I.   STANDARD OF REVIEW

The Court is required to screen "as soon as practicable" a prisoner complaint that "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). However, the Court must dismiss a prisoner complaint that is either (1) "frivolous, malicious, or fails to state a claim

upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy those requirements, or fails to provide supporting factual allegations, then the complaint is subject to dismissal for failure to state a claim. *See Bell v. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681-84 (2009) (holding that *Twombly* "expounded the pleading standard for 'all civil actions,'" to wit, conclusory allegations that "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible'"); *Papason v. Allain*, 478 U.S. 265, 286 (1986) (accepting as true only plaintiff's factual contentions, but not his or her legal

conclusions couched as factual allegations); *Beck v. Interstate Brands Corp.*, 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam) (noting that courts are "not permitted to read into the complaint facts that are not there").

## II.    FACTUAL BACKGROUND

Plaintiff brings his suit against Cobb County Sheriff Neil Warren, claiming that mold and contaminated drinking water in the jail have caused him to experience a number of health problems.[1]  He further claims that he has been denied meaningful medical treatment to address these problems, stating that "they . . . have provid[ed] only temporary remedies to resolve a more serious health issue."  [Doc. 6 at 3.]  Lastly, Plaintiff alleges that he has been denied access to the law library.  Plaintiff does not specify that Defendant Warren has personally participated in any of the alleged constitutional deprivations alleged, but states generally that the "jail is aware of inspection violations for years now" with respect to the presence of mold in the jail, and that "Cobb County Jail was very aware they had no inmate access to the law library."  [Doc. 6 at 3-4.]

---

[1] All factual allegations are taken from Plaintiff's complaint and are presumed true for the purposes of § 1915A screening.  *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2001).

## III. DISCUSSION

### A. Exposure to Mold and Contaminated Water

"The due process clause accords pretrial detainees rights not enjoyed by convicted inmates. While a sentenced inmate may be punished in any fashion not cruel and unusual, the due process clause forbids punishment of a person awaiting trial but not yet adjudged guilty of any crime." *Hamm v. DeKalb Co.*, 774 F.2d 1567, 1572 (11th Cir. 1985) (citation omitted). To state a constitutional jail-conditions claim, the plaintiff must allege: (1) jail conditions that are "sufficiently serious" and (2) that the defendant jail official knew of and disregarded an excessive risk to plaintiff's health or safety. *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004) (stating that "[n]egligence does not suffice to satisfy this standard"). Plaintiff's allegations, which must be accepted as true at this stage of the proceedings, that he has suffered constricted and difficulty breathing, headaches, sinus problems, dry throat, chest congestion, skin conditions, inconsistent heartbeat patters, and a visible knot in his abdominal area due to moldy conditions and contaminated water are "sufficiently serious." *See Smith v. Leonard*, 244 F. App'x 583, 584 (5th Cir. 2007) (per curiam) (concluding that prisoner's allegations that defendant's failure to remove toxic mold from prisoner's cell amounted to gross negligence and caused prisoner to suffer "headaches, sinus

problems, trouble breathing, blurred vision, irritated eyes, and fatigue" sufficiently stated Eighth Amendment claim to withstand frivolity review); *Meadows v. Fulton Cty. Jail*, No. 1:08-CV-0744-TWT, 2008 WL 818055, at *2 (N.D. Ga. Mar. 25, 2008) (noting that "persons sensitive to molds may experience things such as nasal stuffiness or throat irritation, persons with mold allergies may experience more severe reactions, and persons who are immune-compromised or have chronic lung illnesses could experience a serious lung infection"). However, while Plaintiff alleges that knowledge of the mold was widespread, he does not allege that Defendant Warren was aware of the contaminated water or of Plaintiff's adverse symptoms. As a result, Plaintiff does not sufficiently state a plausible claim to withstand frivolity review with respect to his exposure to mold and contaminated water.

**B.     Access to Medical Care**

The Eighth Amendment protects prisoners from prison officials' deliberate indifference to their serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Pretrial detainees, like Plaintiff, are afforded the same rights as convicted prisoners, but pursuant to the Fourteenth Amendment. *Carter v. Broward Cty. Sheriff's Dep't Med. Dep't*, 558 F. App'x 919, 922 (11th Cir. 2014). The legal

standard for a claim of deliberate indifference to serious medical needs is the same under both Amendments. *Id.*

Delayed or denied access to medical care for jail inmates can violate the Constitution, *Estelle*, 429 U.S. at 104, but a plaintiff must allege facts that plausibly show: (1) the plaintiff had a serious medical need; (2) the defendant was deliberately indifferent to that need; and (3) there is a causal connection between that indifference and the plaintiff's injury. *Mann v. Taser Int'l*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). A defendant is deliberately indifferent only if he: (1) subjectively knew of a risk of serious harm; (2) disregarded that risk; and (3) displayed conduct beyond gross negligence. *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1317 (11th Cir. 2010).

Because Plaintiff has not alleged that Defendant was aware of his medical needs, he has not sufficiently alleged deliberate indifference. Moreover, a simple disagreement over a diagnosis or course of treatment does not constitute deliberate indifference. As long as the medical treatment is "minimally adequate," a prisoner's preference for a different treatment does not give rise to a constitutional claim. *See Harris v. Thigpen*, 941 F.2d 1495, 1504-05 (11th Cir. 1991). Plaintiff does not contend that he was refused medical treatment. Rather, he complains that he has been provided "temporary remedies." [Doc. 6 at 3.] His allegations do not

make out a plausible claim that Defendant was deliberately indifferent to a serious medical need.

### C. Access to Law Library

Prisoners have a fundamental constitutional right of access to the courts under the Fourteenth Amendment. *Denney v. Nelson*, 304 F. App'x 860, 863 (11th Cir. 2009) (quoting *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998)). This right "requires prison authorities to assist inmates in the preparation and filing of legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Lewis v. Casey*, 518 U.S. 343, 346 (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). In order to state an access to courts claim under § 1983, a plaintiff may not merely allege that he was denied access to a law library. Rather, he must "identify a 'non-frivolous,' 'arguable' underlying claim" that was frustrated by the denial of access. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quoting *Lewis*, 518 U.S. at 353 n.3 (1996)). Simply put:

> [T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint. . . . [And like] any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to the defendant. . . . Hence the need for care in requiring that the predicate claim be described well enough to apply the "non-frivolous" test and

>  to show that the "arguable" nature of the underlying claim is more than hope.

*Id.* at 415-16.  Plaintiff has not identified any non-frivolous or arguable underlying claim that has been frustrated by a denial of access to the jail law library. Consequently, Plaintiff's claim fails to state a plausible "access to courts" claim upon which relief may be granted and is subject to dismissal.

### IV.   CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** that this case be **DISMISSED** for failure to state a claim upon which relief can be granted.  The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED** this 23rd day of March, 2017.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE